In the Matter of the Claim of FLORENCE McCONVILLE, Respondent, against JAMES T. McCONVILLE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 18, 1960.

*Hinman, Straub, Pigors & Manning* (*John J. Clyne* of counsel), for appellants.

*Boyle & Lynch* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* and *John J. Reilly* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, P. J. Decedent, who was a plumber, suffered a heart attack in 1944 which has been found on an adequate record to have been attributable, as an accident, to heavy work digging a ditch and lifting a 100-pound pipe. The main issue on appeal is whether his death in 1952, eight years later, may also be attributable to the 1944 accident.

Decedent during his lifetime filed a claim for compensation based on the 1944 accident and an award of permanent partial disability was made in 1950 which was not contested by the carrier and which was paid until his death. Responsibility for this award is conceded by the carrier in the record before us.

A heart specialist, who had examined the decedent in 1945 for the carrier in connection with the claim for disability,

testified in the death claim that the accident was a cause of death; and although there are contradictory points in his testimony, the board could fairly find that this physician was of the opinion that the accident played a part in the death.

A physician who saw decedent in 1952 testified that decedent's condition, affected by the accident, was worse in 1952 than it had been; and another physician testified that the accident was an aggravating factor in the condition.

The board had before it a sufficient record, therefore, to find that the adverse effect of the accident on the heart condition continued through the eight years after the accident to decedent's death from the heart condition.

Appellants also argue that the board misapprehended the facts of the case. The board stated in its memorandum of decision that a physician who had merely examined decedent had treated him; and stated also that another physician who had treated decedent had expressed the opinion that the accident played a part in the death, whereas this physician was not actually asked that question and expressed no opinion. The memorandum decision misapprehended and took out of context a statement by another physician and mistook the identity of two others. The statement of decision thus contains several inaccuracies of identity and of proof and the appellants infer from this that the majority of the panel '' did not even know the status of the doctors involved, let alone what their testimony was ''.

If this record is sufficient as a matter of law, as we think it is, to sustain a finding that the accident upon which carrier paid an award without protest for permanent partial disability until the time of death played some part in the death, it should be affirmed in spite of these inaccuracies which affect a portion of the rationale of decision. Such inaccuracies do not show misapprehension of the essential basis of decision.

We reach the conclusion to affirm rather than remit for further proceedings before the board, which would have the legal right on such a remission, as we would direct, to make the same decision upon the same record, because of undue delays that have occurred in the case and which must in some measure be attributable to the carrier.

The original accident occurred almost 16 years ago and the employee has now been dead for almost half that time. The decision appealed from was made in 1956, almost four years ago, and we think further delay in decision would be intolerable if not required by the sheer legal necessities of the case.

The award should be affirmed, with costs to the Workmen's Compensation Board.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.